IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GUO WENGUI, ) |  |
| ) |  |
| Plaintiff, ) | Case No. 1:19-cv-03195 |
| ) |  |
| v. ) |  |
| ) |  |
| CLARK HILL PLC, et al., ) |  |
| ) |  |
| Defendants. ) |  |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATUS REPORT**

Defendants believe that Plaintiff's filing earlier today (Dkt 52) was both improper and unnecessary. Given the submission, however, Defendants respectfully request leave of the Court *instanter* to file this response.

1. On February 23 and 24, 2021, the parties conferred regarding the Defendants' privilege log. Plaintiff identified specific entries about which he had concerns, and counsel for Defendants advised that they would consult with their clients, re-examine *every* claim of privilege discussed with Plaintiff, and provide a revised log on March 1, 2021.

2. Despite having requested that Plaintiff include these facts in its submission to the Court – and even providing text to Plaintiff for that purpose – Plaintiff omitted this fact from its submission.

3. Given the supplemental authority that Plaintiff sent to the Court, Clark Hill respectfully requests that the Court take notice of the fact that Plaintiff's own authority provides, for example, that "[a] draft prepared at the request of counsel or otherwise prepared by [the client] *or a third-party vendor* and sent to counsel for review and legal advice is subject to the attorney-

client privilege." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 329 F.R.D. 656, 662 (D. Or. 2019) (emphasis added); *see also Calvin Klein Trademark Tr. v. Wachner*, 198 F.R.D. 53, 55-56 (S.D.N.Y. 2000) (finding that documents prepared by public relations firm reflected attorney work product, and were therefore protected). These conclusions are entirely consistent with the law of this Circuit, which is wholly ignored by Plaintiff. *See* Dkt. 51 at 5 (citing *F.T.C. v. GlaxoSmithKline*, 294 F.3d 141, 148 (D.C. Cir. 2002)).

    4.    Clark Hill also respectfully requests that the Court take note of Clark Hill's supplemental authority: *ADT Sec. Servs., Inc. v. Swenson*, No. CIV. 07-2983, 2010 WL 2954545, at *5 (D. Minn. July 26, 2010) (discussions of the possible content of client's public response to television program contained implicit request for legal advice, and were privileged and work product); *In re Vioxx Prod. Liab. Litig.*, No. MDL 1657, 2007 WL 854251, at *4 n.3 (E.D. La. Mar. 6, 2007) (finding that materials involving communications consultant retained by attorneys were protected work product); *Stone Brewing Co., LLC v. Molson Coors Brewing Co.*, No. 18CV331-BEN-LL, 2019 WL 2176792, at *4 (S.D. Cal. May 20, 2019) (documents created by public relations employees at the direction of in-house counsel were privileged and work product).

Dated:  February 26, 2021

Respectfully submitted,

*/s/ John R. Storino*
John R. Storino (*via pro hac vice*)
David P. Saunders (*via pro hac vice*)
Leigh J. Jahnig  (*via pro hac vice*)
JENNER & BLOCK, LLP
353 N. Clark Street
Chicago, IL 60654-3456
Tel: (312) 222-9350
JStorino@jenner.com

Kali N. Bracey (#458965)
JENNER & BLOCK, LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001-4412
Tel: (202) 639-6000
KBracey@jenner.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

 I, John R. Storino, an attorney, hereby certify that I caused to be filed the foregoing response to Plaintiff's status report using the Court's CM/ECF filing system, which served a copy on all counsel of record on this, the 26th day of February, 2021.

*/s/  John R. Storino*
